

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HENRY COLEMAN, JR.,<br>PETITIONER, | §<br>§<br>§ |
| V. | § NO. 3:03-CV-1824-P |
| | § |
| DOUGLAS DRETKE, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, CORRECTIONAL<br>INSTITUTIONS DIVISION,<br>RESPONDENT. | §<br>§<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

#### Parties

Petitioner Henry Coleman, Jr. is an inmate in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

#### Procedural History

On February 13, 1991, Coleman pleaded guilty to possession of a firearm by a felon, and the trial court sentenced him to 25 years' confinement. (1 State Habeas R. at 40.) Coleman did not appeal. (2 State Habeas R. at 31.) He did, however, file a state application for habeas corpus relief challenging his conviction, which the Texas Court of Criminal Appeals denied without written order. *Ex parte Coleman*, No. 24,129-01 (Tex. Crim. App. Nov. 18, 1992) (not designated for publication).

On October 21, 1997, the Board of Pardons and Paroles released Coleman on parole. (Parole

R. at 2, 15-17.) His parole was revoked on December 4, 2002 because he failed to abide by the terms and conditions of his release. (*Id.* at 2-8) Coleman filed a state habeas application, arguing that his street-time and good-conduct credits had been wrongfully rescinded, which the Court of Criminal Appeals denied without written order on the findings of the trial court. *Ex parte Coleman*, No. 24,129-02 (Tex. Crim. App. Oct. 15, 2003) (not designated for publication). On August 10, 2003, Coleman filed a federal petition for writ of habeas corpus in the United States District Court of the Northern District of Texas, Dallas Division. *See* RULES GOVERNING SECTION 2254 CASES 3(d) (mandating timeliness determined by date petition placed in institution's internal mailing system); *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam) (holding, under prison mailbox rule, pro se habeas petition filed when papers delivered to prison authorities for mailing).

## Issues

Coleman argues:

1. the loss of his street-time credits violated double jeopardy by adding time back to his sentence;

2. the applicable section of the Texas Government Code is unconstitutionally vague because it does not specifically apply to forfeiture of street-time credits;

3. the Board of Pardons and Paroles altered and fabricated evidence in revoking his street-time credits to circumvent double-jeopardy concerns; and

4. his good-time and work credits[1] were revoked in violation of due process without a hearing.

## Exhaustion of State Court Remedies

Dretke argues that claims two and three, as listed above, have not been exhausted and asserts

---

[1]Under Texas law, time credits for work performed while incarcerated are considered good-time credits. TEX. GOV'T CODE ANN. § 498.003(d) (Vernon 2004).

2

that they have been procedurally defaulted. However, Dretke believes that Coleman's remaining allegations have been properly exhausted.

## Exhaustion and Procedural Default

Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Picard v. Connor*, 404 U.S. 270, 275-76 (1981); *Fisher*, 160 F.3d at 302. This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (per curiam).

Dretke asserts that Coleman failed to properly exhaust his claim that evidence was altered and fabricated in order to revoke his parole. However, this claim was fairly presented in his state habeas corpus application. (2 State Habeas R. at 12-13.) But, as Dretke points out, Coleman failed to raised in his state habeas application his claim that the Texas Government Code is unconstitutionally vague as applied to the revocation of his street-time credits. Thus, he seeks federal habeas relief on factual allegations that were never fairly presented in the Texas courts, which renders this claim unexhausted. *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001). However, Coleman cannot return to the Texas courts to cure this deficiency. The Texas abuse-of-the-writ doctrine prohibits a successive habeas petition, absent a showing of cause, if the applicant urges grounds that could have been, but were not, raised in his first habeas petition. *Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994), *cert. denied*, 513 U.S. 1084 (1995). This

3

doctrine is an adequate state procedural bar for purposes of federal habeas review. *Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997), *cert. denied*, 525 U.S. 969 (1998); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998). Accordingly, federal habeas corpus relief is unavailable in the face of a state procedural default unless the petitioner can show either (1) cause for the default and actual prejudice or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, i.e., that the petitioner is actually innocent of the crime. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley*, 243 F.3d at 219-20. Coleman has failed to raise any argument to excuse his default; thus, this claim is procedurally barred. 28 U.S.C. § 2254(b)(2).

## Standard of Review

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the

facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### Forfeiture of Street-Time and Good-Time Credits

When reviewing applications for habeas corpus, federal courts will only review allegations of deprivations of federal rights. 28 U.S.C. § 2254(a). There is no federal constitutional right to a sentence reduction for the time spent on parole after it is revoked. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996) (per curiam); *Starnes v. Cornett*, 464 F.2d 524, 524 (5th Cir.) (per curiam), *cert. denied*, 409 U.S. 987 (1972). Further, Coleman does not have a constitutionally protected right to restoration of any forfeited good-time credits. *Hallmark v. Johnson*, 118 F.3d 1073, 1079-80 (5th Cir.), *cert. denied*, 522 U.S. 1003 (1997). Accordingly, Coleman has failed to prove that he has been denied a constitutionally protected interest as to the forfeiture of his street-time and good-time credits.

Further, the state habeas courts made factual findings and concluded that Coleman was not entitled to restoration of his street-time or good-time credits. (2 State Habeas R. at 32-33.) Coleman has failed to overcome the presumption of correctness of these findings. 28 U.S.C. § 2254(e)(1).

## Summary

Coleman is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination that Coleman was not entitled to relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## Recommendation

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

SIGNED April 26, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTION FOR SERVICE
## AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objection within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusion, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE